# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-21-298-R |
| | ) |
| LUIS CAROLS MAURICO-MORALES, | ) |
| a/k/a Carols Morales, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 18) filed by Defendant Luis Carlos Mauricio-Morales. The United States responded in opposition to the motion. (Doc. No. 21). Upon consideration of the parties' submissions, the Court finds as follows.

Defendant is charged in a single-count indictment with "illegal reentry after removal from the United States" in violation of 8 U.S.C. § 1326(a) and (b). Defendant seeks dismissal of the indictment, asserting that § 1326 violates the equal protection guarantee of the Fifth Amendment. Defendant's argument relies on the August 18, 2021 decision of the District of Nevada in *United States v. Carillo-Lopez*, --- F.Supp.3d ---, 2021 WL 3667330 (D.Nev. Aug. 18, 2021).[1] The Court has carefully considered Defendant's argument and concurs with the Memorandum Opinion and Order issued by the Honorable Robin J. Cauthron in *United States v. Amador-Bonilla*, Case No. 21-CR-187C, 2021 WL 5349103 (Nov. 16, 2021). Therein Judge Cauthron rejects Defendant's argument that the

---

[1] Defense counsel states in footnote 1 of the motion that the instant motion is largely taken from the briefs in *Carillo-Lopez.*

constitutionality of 8 U.S.C. § 1326(a) should be considered under *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977). "The Supreme Court has repeatedly noted the limited judicial review available on immigration matters. The Supreme Court has noted that 'the power over aliens is of a political character and therefore subject only to narrow judicial review.'" *Id.* at * 1 (quoting *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n. 21 (1976) (citing *Fong Yue Ting v. United States*, 149 U.S. 698, 713 (1893)). *See also United States v. Rivera-Sereno*, No. 2:21-cr-129, 2021 WL 5630728, *4 ((S.D. Ohio Dec. 1, 2021)("[T]his Court finds that application of *Arlington Heights* to an immigration law challenge is misplaced and contrary to long standing United States Supreme Court precedent.")(quotation marks and citation omitted).

     Judge Cauthron further concludes that, even if *Arlington Heights* applied, the statute does not violate equal protection, because Defendant fails to establish that a discriminatory purpose was a motivating factor behind § 1326. Judge Cauthron focused on the Immigration and Nationality Act of 1952, not the 1929 Act upon which Defendant places his focus. *Amador-Bonilla*, 2021 WL 5349103 at * 2.  The conclusion reached in *Amador-Bonilla* is consistent with that reached most often by courts considering the issue. *See Rivera-Sereno*, 2021 WL 5630728, *4; *United States v. Sanchez-Felix*, No. 20-cr-310-PAB, 2021 WL 6125407, *8 (D. Colo. Dec. 28, 2021)("Even though defendant has shown disparate impact, defendant has failed to show that the historical background and events preceding the enactment of the INA were the product of an invidious motive")(citations omitted); *United States v. Wence*, 3:20-cr-0027, 2021 WL 2463567, *9 (D.V.I. June 6, 2021)("The Court concludes that the legislative history for the 1952 and 1990 legislation

does not reveal any discriminatory motive . . . ."); *United States v. Suquilanda*, No. 21-CR-263 (VM) 2021 WL 4895956, *5 (S.D.N.Y. Oct. 20, 2021)("[T]he Court is persuaded that the vast majority of the evidence of racial animus and discriminatory intent focuses on the 1929 Undesirable Aliens Act, a precursor to the modern-day Section 1326, which was undoubtedly enacted in the face of bald racial animus towards Hispanic people. But this evidence bears little weight on Section 1326. . . .").

The Court concurs with Judge Cauthron's conclusions and her analysis of the issue and therefore DENIES Defendant's motion.[2]

**IT IS SO ORDERED** this 10th day of January 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Defendant does not argue that the statute cannot survive rational basis review and accordingly the Court will not address the issue.